UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MUIA,

                    Plaintiff,

v.                                            1:21-CV-1323 (GTS/DJS)

ANTHONY MANCINO, Albany City Court Clerk;
MARISA FRANCHINI Albany Corporation Counsel;
DAVID GONZALEZ, Assistant Corporation Counsel;
ROBERT MAGEE, Director, Department of Buildings
& Regulatory Compliance; DANIEL HOFMAN;
JOHN DOE 1; JOHN DOE 2; and JANE DOE,

                    Defendants.
_____

APPEARANCES:                      OF COUNSEL:

JAMES MUIA
  Plaintiff, *Pro Se*
P.O. Box 1832
Latham, NY 12110

HON. LETITIA A. JAMES                KONSTANDINOS D. LERIS, ESQ.
Attorney General for the State of New York
  Counsel for Defendant Mancino
The Capitol
Albany, NY 12224

THE REHFUSS LAW FIRM, P.C.           ABIGAIL W. REHFUSS, ESQ.
  Counsel for City Defendants         STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, NY 12110

GLENN T. SUDDABY, United States District Court Judge

## **DECISION and ORDER**

      Currently before the court, in this action filed *pro se* by Plaintiff James Muia ("Plaintiff")

against Defendants Anthony Mancino ("Defendant Mancino"), Marisa Franchini, David

1

Gonzalez, Robert Magee, Daniel Hofman ("City Defendants"), John Doe 1, John Doe 2, and Jane Doe (collectively "Defendants") pursuant to 42 U.S.C. §§ 1983 and 1985, are Defendants' two motions to dismiss for failure to state a cause of action pursuant to Fed. R. Civ. Proc. 12(b)(6).  (Dkt. Nos. 9, 14.)  Plaintiff has filed oppositions to the motions, and one Defendant has filed a reply.  (Dkt. Nos. 13, 16, 18.)  For the reasons set forth below, both motions are granted.

## I.     RELEVANT BACKGROUND

### A.  Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint alleges as follows.  Plaintiff is the owner of Xclusive Properties, LLC ("Xclusive"), which has at times held several properties in or around Albany, New York.  (Dkt. No. 1, ¶¶ 11–12, 60 ["Compl."].)  Defendant Daniel Hofman, a City of Albany code enforcement official, issued multiple code violations against "[P]laintiff and/or his company[.]"  (*Id.*, ¶¶ 6, 12.)  In connection with the violations, Defendant Marisa Franchini, Albany Corporation Counsel, pursued multiple criminal misdemeanor proceedings in Albany City Court against Plaintiff and/or Xclusive.  (*Id.*, ¶¶ 10–56.)  Defendant David Gonzalez, Assistant Corporation Counsel, and Defendant Robert Magee, City of Albany Director of Buildings Regulatory Compliance, also participated in pursuing the charges.  (*Id.*)

Generally, based on these factual allegations, Plaintiff claims that Defendants violated his "Constitutional rights to due process, equal protection of the law and right to a jury trial[.]"  (Compl. ¶ 9.)  Plaintiff also claims that "[D]efendants conspired with Judge Helena Heath of the Albany City Court to deprive the plaintiff of his rights as guaranteed by the United States Constitution . . . while acting under color of state law."  (*Id.* ¶ 10.)

More specifically, Plaintiff claims that Defendant Hofman "was <u>not</u> certified by New

York State to be a code enforcement officer and, as such, had no authority to issue any code

violation petitions[.]" (Compl. ¶ 13.) Plaintiff claims that, during his criminal trial(s), the City

Defendants "did not put Mr. Hofman on the stand concerning his allegations against the plaintiff

and/or his company Xclusive Properties, LLC and instead had someone read Hofman's notes

thus depriving the plaintiff of his right to cross examiner [sic] his accuser[.]" (*Id.*) Plaintiff

claims that he "consistently objected" but that Judge Heath "allow[ed] it." (*Id.*)

Plaintiff also claims that his right to a jury trial was denied because "the potential penalty

exceeded 6 months in jail and/or a $5,000.00 fine in each instance." (Compl. ¶ 21.) Plaintiff

claims that "[a]t no time was [he] ever informed that the potential penalty could exceed $5,000

or more[.]" (*Id.*, ¶ 24.) Plaintiff claims that he was ultimately ordered to pay an aggregate fine

of $21,600. (*Id.*, ¶ 23.)

Furthermore, Plaintiff claims that "[i]t should be noted, that the defendants have never

served any of the Court orders that were issued by Judge Heath upon the plaintiff as required by

law and have refused to do so." (*Id.*, ¶ 31.) Plaintiff claims that he "has tried on several

occasions to obtain recordings of the different court trials and/or hearings and has been rejected

each and every time. The Albany City Clerk's office tells the plaintiff he has to have the date

and time of each proceeding in order to get a recording" for preparing transcripts. (*Id.*, ¶ 34.)

Plaintiff claims that "[t]he Albany City Clerk's office certainly has this information but refuses

to look it up for the plaintiff." (*Id.*, ¶ 42.) Plaintiff claims that, consequently, he has been unable

to appeal the judgments against him. (*Id.*, ¶ 52.)

As to the relief requested, Plaintiff alleges that "because of the illegal actions by the

defendant's [sic] the plaintiff was not able to rent out his properties . . . [and] not able to pay the

mortgage[.]" (Compl. ¶ 58.) Plaintiff alleges that he was "therefore forced into bankruptcy

where he lost all of his properties." (*Id.*)  Plaintiff seeks "$500,000 in damages . . . for the loss of

his properties and pay for the rent lost on the properties in the amount of $30,000." (*Id.*, ¶ 61.)

Furthermore, Plaintiff requests "[t]hat the Court issue an injunction against the defendants from

taking any further action in [sic] against the plaintiff." (*Id.*, ¶ 62.)  Finally, Plaintiff seeks

"$750,000 in punitive damages." (*Id.*, ¶ 63.)

## B.  Prior Article 78 Proceeding

Plaintiff previously commenced a state court proceeding against Defendant Mancino and

Defendant Franchini pursuant to N.Y. C.P.L.R. § 7801.  (Dkt. No. 9-2; Dkt. No. 13, at 10–17.)

Plaintiff sought a writ of mandamus to compel the "Albany Corporation Counsel to have all of

the court orders concerning the petitioners for the past 3 years to be entered into the Albany City

Court Clerk's office and that each court order be served with a notice of entry[.]" (Dkt. No. 13,

at 14.)  Additionally, Plaintiff sought to compel "the Albany City Court to provide the petitioner

at no charge a copy of all of the transcripts of the hearings [Plaintiff] has been involved in for the

past 3 years." (*Id.*, at 15.)  On or about April 30, 2020, the Supreme Court of the State of New

York County of Albany issued a decision and order dismissing Plaintiff's action on the merits.

(Dkt. No. 9-2.)

## C.  Parties' Briefing

### 1.  City Defendants' Memorandum of Law

The City Defendants argue that "Plaintiff's Complaint is an improper attempt to appeal a

prior ruling." (Dkt. No. 9-1, at 6–7.)  Moreover, the City Defendants assert that the doctrine of

res judicata bars the claims in the Complaint because Plaintiff previously commenced an Article

78 action raising similar, if not identical, issues.  (*Id.*, at 7–8.)  They argue that the conspiracy

claim fails because "Plaintiff has failed to provide any factual basis to support a meeting of the

minds[.]" (*Id.*, at 9.)  Finally, they argue that Plaintiff lacks standing as to the fines issued

against Xclusive and that, in any event, he is not an attorney and thus is not authorized to

represent a corporate entity under New York law.  (*Id.*)

### 2. Defendant Mancino's Memorandum of Law

Defendant Mancino has moved separately for dismissal of the claims against him on

similar grounds.  (Dkt. No. 14.)  Like the City Defendants, Defendant Mancino argues that

Plaintiff has failed to state a Section 1983 or a conspiracy claim, and that res judicata bars the

Complaint.  (*Id.*, at 5–8.)  Defendant Mancino also argues that collateral estoppel bars the

Complaint.  (*Id.*, at 7.)  Finally, Defendant Mancino argues that he is immune from suit by

"absolute quasi-judicial immunity."  (*Id.*, at 8–10.)

### 3. Plaintiff's Opposition to the City Defendants' Motion

In opposition to the City Defendants' motion, Plaintiff argues that "[t]he only issues

concerning the Article 78 proceeding was [sic] the plaintiff being able to obtain the recordings of

the different hearings in order for him to be able to have transcripts."  (Dkt. No. 13, at 5.)

Plaintiff argues that the action also concerned compelling Defendants to enter the notice(s) of

judgment.  (*Id.*, at 4–5.)  Relative to his conspiracy claim, Plaintiff argues that "Judge Health

allowed the defendants to use hearsay testimony at trial that prevented [him] from cross

examin[ation]" and that "Judge Heath sided with the defendants" in denying his constitutional

rights.  (*Id.*, at 7.)  Plaintiff argues that "all of the defendants were acting under color of state law

as they are employed by the city government[.]"  (*Id.*)  Finally, Plaintiff argues that he has

standing in this action because he represented Xclusive in the criminal proceedings, and that

Defendants never previously challenged as much.  (*Id.*, at 8.)

### 4. Plaintiff's Opposition to Defendant Mancino's Motion

Generally, in his opposition to Defendant Mancino's motion, Plaintiff argues that Defendant Mancino "is preventing [him] from being able to obtain the recordings of the hearings in order to prevent the plaintiff from being able to have transcripts prepared of his hearings[.]" (Dkt. No. 16, at 2.)  Plaintiff argues "[t]hat the Albany City Court clerk's office is refusing to provide the plaintiff the dates and times of the court hearing even though said information is recorded on their computer and/or are in the plaintiff's files in their possession[.]"  (*Id.*)  Finally, Plaintiff argues that res judicata does not bar his Complaint because "there has been no ruling concerning the plaintiff [sic] allegations against the defendants' actions[.]"  (*Id.*)

**5.  Defendant Mancino's Reply Memorandum of Law**

In his reply memorandum of law,[1] Defendant Mancino argues that Plaintiff "has failed to provide any meaningful opposition" and has "argue[d] in conclusory fashion that his Complaint is not barred by res judicata, and he has stated a valid 42 U.S.C. § 1985(3) conspiracy claim." (Dkt. No. 18, at 1.)  Moreover, Defendant Mancino argues that "Plaintiff does not address Defendants' arguments about collateral estoppel or absolute quasi-judicial immunity[.]"  (*Id.*) Defendant Mancino argues that, even assuming Plaintiff did not raise the same issues in his Article 78 proceeding, the Complaint warrants dismissal, "because Plaintiff could have raised the issues that are the subject of this law suit[.]"  (*Id.*, at 2.)  Defendant Mancino also argues that "Plaintiff does not provide any factual basis to support a meeting of the minds between Judge Heath and [him]."  (*Id.*)  Finally, Defendant Mancino argues that "Plaintiff does not allege, or even argue in his opposition, that the conspiracy was 'motivated by . . . discriminatory animus,' which is required to state a valid section 1985 conspiracy claim."  (*Id.*)

---

[1]     The Court notes that the City Defendants did not submit a reply memorandum of law. (*See generally* Docket Sheet.)

## II.    GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15–16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F. Supp. 2d at 212, n. 20 (citing Supreme Court cases).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212, n. 17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n. 32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak*, 629 F. Supp. 2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–82 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  550 U.S. 544 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 550 U.S. 556–51.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id.* at 555–70.  The explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id.* at 555 n. 3.  More specifically, the "[f]actual allegations must be enough to raise a right of relief above the speculative level [to the plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n] that—the pleader is entitled to relief." *Id.*, at 679 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Similarly, a pleading that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

A few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

Finally, the Court notes that complaints by *pro se* parties are accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007).  As a result, this Court must continue to "construe [a *pro se* complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

## III.   ANALYSIS

### A. Whether Absolute Immunity Bars Plaintiff's Claims Against Defendant Mancino

After carefully considering the matter, the Court answers this question in the affirmative

---

[2]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

for the reasons set forth in Defendant Mancino's memorandum of law.  To those reasons the Court adds the following analysis.

"Judicial immunity may extend to persons other than a judge 'who perform functions closely associated with the judicial process.'"  *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 [1983]).  Moreover, "even for administrative functions, absolute judicial immunity protects court clerks in the performance of tasks 'which are judicial in nature and an integral part of the judicial process.'"  *McKnight*, 699 F. Supp. 2d at 526  (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 [2d Cir. 1997]).  "The same protection extends to court clerk functions performed pursuant to the established practice of the court.  *Id.* (citing *Humphrey v. Court Clerk for the Second Circuit*, No. 08-CV-0363, 2008 WL 1945308, at *2 [N.D.N.Y. May 1, 2008]; *Rodriguez*, 116 F.3d at 67).

Defendant Mancino argues that the allegations against him "are directed at the performance of tasks which are judicial in nature and an integral part of the judicial process." (Dkt. No. 14-1, at 9 [citations and internal quotations omitted]).  Defendant Mancino argues that "granting immunity would further the public interest in protecting the entire judicial process from vexatious lawsuits brought by disappointed litigants."  (*Id.*, at 9–10 [citations and internal quotations omitted]).  Finally, Defendant Mancino argues that, because Plaintiff has not specifically addressed his immunity arguments, he has "abandon[ed] any opposition he may have to these arguments."  (Dkt. No. 18, at 1.)

Liberally construed, Plaintiff's Complaint appears to allege that Defendant Mancino violated his rights by not providing recordings/transcripts of Plaintiff's previous trials/hearings. (Compl. ¶¶ 38–42, 52).  Even if this amounted to a cognizable claim, the Court finds that Defendant Mancino is entitled to immunity from suit to the extent the Complaint seeks damages

against him in connection with his official duties as Albany City Court Clerk; thus, Plaintiff's claims for damages against Defendant Mancino in his official capacity must be dismissed.

**B.   Whether the Doctrine of Res Judicata Bars the Claims in Plaintiff's Complaint**

After carefully considering the matter, the Court answers this question partially in the affirmative (i.e., to the extent the Complaint seeks injunctive relief) for the reasons set forth in Defendants' memoranda of law.  To those reasons the Court adds the following analysis.

"Res judicata bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'"  *Soules v. Conn. Dept. of Emergency Servs. And Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 285 [2d Cir. 2000]).  With regard to the second element, "'*res judicata* may . . . be asserted by a party that is in privity with a party to an earlier action' where 'the interests of the defendants were adequately represented in the earlier action.'"  *Randall v. Amica Mutual Ins. Co.*, 17-CV-0013, 2017 WL 6408937, at *5 (N.D.N.Y. Sept. 22, 2017) (Sannes, J.) (quoting *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 328 [S.D.N.Y. 2008]).  With regard to the third element, when determining whether the claims were or could have been raised in the prior action, a court must consider whether the current lawsuit concerns "'the same claim—or nucleus of operative facts—as the first suit,' applying three considerations: '(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.'"  *Soules*, 882 F.3d at 55 (quoting *Channer v. Dept. of Homeland Sec.*, 527 F.3d 275, 280 [2d Cir. 2008]); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) ("Whether a claim that was not raised in

12

the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'"). "Where all requirements are met, *res judicata* can act as a bar to virtually any sort of claim." *Monahan*, 214 F.3d at 290.

The City Defendants argue that, "[t]o the extent that Plaintiff alleges that the City failed to provide Plaintiff with the City Court orders with notice of entry, this was already argued and decided in the Article 78." (Dkt. No. 9-1, at 7.)  The City Defendants also argue that there is privity among each defendant "as they are all employees of the City of Albany and all could have been named as Defendants in the Article 78." (*Id.*, at 8.)

In response, Plaintiff argues that "[t]here is no res judicata to bar plaintiff's complaint as there has been no ruling concerning the plaintiff [sic] allegations against the defendants' actions and the plaintiff has been denied his right to able to obtain said recordings to prove his rights were violated." (Dkt. No. 16, at 3.)  Plaintiff argues that the Article 78 proceeding sought a writ of mandamus requesting that Defendant Franchini "have all the court orders concerning the petitioners for the past 3 years to be entered into the Albany City Court Clerk's office and that each court order be served with a notice of entry as required by CPLR § 5513." (*Id.*)  Moreover, Plaintiff argues that he requested the Court to provide him "at no charge a copy of all the transcripts of the hearings he has been involved in for the past 3 years." (*Id.*)  Plaintiff argues that "[t]he only issues concerning the Article 78 proceeding was the plaintiff being able to obtain the recordings of the different hearings for free because of the Albany City Court Clerk's office in depriving the plaintiff of the recordings he requested that they be required to pay for the transcripts." (*Id.*)

As to the first element, the Court finds that the Article 78 proceeding involved an adjudication on the merits.  As to the second element, the Court finds that Plaintiff was the petitioner in the Article 78 proceeding, representing the mutual interests of himself and Xclusive. (Dkt. No. 16, at 12–13.)  Similarly, the City Defendants are in privity with each other as they are all associated with the City of Albany's interests in this dispute.  Moreover, Defendant Mancino and Defendant Franchini were indeed named in the prior action.  (*Id.*)  As to the third element, the Court finds that Plaintiff raised the issues of whether Albany Corporation Counsel should be compelled to enter and serve the orders and whether Defendant Mancino should be compelled to provide recordings and/or transcripts.  (Dkt. No. 9-2.)  Thus, res judicata bars Plaintiff's claims insofar as he seeks to compel the City Defendants to enter and serve a copy of the judgment and have Defendant Mancino provide him audio recordings and/or transcripts, as those matters were already litigated and decided on the merits.

Next, the Court must determine whether Plaintiff could have raised any claims here that were not specifically addressed in the prior Article 78 proceeding.  The Complaint asserts federal civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) relative to alleged denials of Plaintiff's constitutional rights to a jury trial, equal protection, and procedural due process.  (Compl. ¶ 9.) Plaintiff seeks compensatory and punitive monetary damages.  (*Id.*, ¶¶ 61, 63.)  In general, res judicata "does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter."  *Colon v. Couglin*, 58 F.3d 865, 870 n. 3 (2d Cir. 1995), *abrogated on separate grounds* by *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).  After careful review of the record, the Court finds that Plaintiff could not have pursued his claims for monetary damages in the Article

78 proceeding.[3]  (Dkt. No. 9-2; Dkt. No. 13, at 10–17.)

Accordingly, the Court finds that, although the doctrine of res judicata bars Plaintiff's claims for injunctive relief against Defendants, it does not bar his claims for monetary damages.

### C.  Whether the Complaint Adequately Pleads a Constitutional Violation

After carefully considering the matter, the Court answers this question in the negative for the reasons set forth in Defendants' memoranda of law.  To those reasons, the Court adds the following analysis.

"Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]"  *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 [1979]).  To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of law . . . law."  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 [1980] [internal quotations omitted]).  "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v.* Smith, 1 F.3d 496, 501 (2d Cir. 1994).  Thus, the plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Claims alleging a conspiracy to violate federal civil rights may be brought under Section 1985, "which applies specifically to conspiracies."  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).  "In order to maintain an action under Section 1985, a plaintiff must provide some factual

---

3      The Court has taken judicial notice of the Article 78 Petition and Decision pursuant to Fed. R. Evid. 201(b).

basis supporting a meeting of the minds, such that defendants entered into an agreement, express

or tacit, to achieve the unlawful end."  *Id.* (citations and internal quotations omitted).  To state a

Section 1985(3) claim, the plaintiff must allege four elements:

> (1) conspiracy; (2) for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities of the laws; and (3) an act in
> furtherance of the conspiracy; (4) whereby a person is either injured in his
> person or property or deprived of any right or privilege of a citizen of the
> United States.

*United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983); *Robinson v. Allstate Ins. Co.*,

508 Fed. App'x 7, 9 (2d Cir. 2013) (summary order).

As to Plaintiff's conspiracy claim, Defendants argue that "[P]laintiff has failed to provide

any factual basis to support a meeting of the minds among defendants or between defendants and

Judge Heath."  (Dkt. No. 14-1, at 8; *see also* Dkt. No. 9-1, at 9.)  Moreover, Defendant Mancino

argues that Plaintiff fails to assert any "class-based, invidious discriminatory animus" to state a

claim under Section 1985(3).  (Dkt. No. 14-1, at 8.)

The Court finds that the Complaint fails to state a claim for conspiracy under Section

1985(3), because there are no allegations that Defendants acted in an express or tacit agreement

with Judge Heath, who is not a party to this action.  Furthermore, there is no allegation that

Plaintiff was targeted or otherwise denied privileges based on membership in any purported

class.  Therefore, Plaintiff's conspiracy claim must be dismissed.  *See Mihalitsas v. Howard*, 102

F. Supp. 3d 471, 476–77 (W.D.N.Y. 2015) (dismissing Section 1985 conspiracy claim where the

plaintiff "has alleged no facts to imply that Defendants had reached an agreement to violate his

civil rights" or "acted with any intent to discriminate against him based on a racial, class-based,

or otherwise invidious discriminatory animus").

As to Plaintiff's due process claim, the City Defendants also argue that "the Complaint is

an improper attempt to appeal a prior ruling" and that Plaintiff did not properly pursue available

appeal remedies.  (Dkt. No. 9-1, at 6–7.)  The Court finds that the Complaint fails to state any

Section 1983 due process claim relative to the criminal proceedings against Plaintiff because he

does not allege exhaustion of available remedies.  "Where adequate pre-deprivation and post

deprivation remedies are available under state law, a party may not prevail on his due process

claim under § 1983."  *Plfaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 302 (N.D.N.Y. 2013)

(Suddaby, J.).  Because Plaintiff has not exhausted his state court appeal remedies, he fails to

state a procedural due process claim.[4]

For all of these reasons, the Court finds that the Complaint fails to state a cause of action

under Sections 1983 and 1985(3).  Moreover, because the defects are substantive in nature (and

not merely formal), the Court finds that any amendment would be futile.

Finally, the Court has reviewed the parties' remaining arguments and has determined

that, because complete dismissal is warranted for the aforementioned reasons, further discussion

of those arguments is unnecessary.

**ACCORDINGLY**, it is hereby

**ORDERED** that the City Defendants' motion to dismiss (Dkt. No. 9) is **<u>GRANTED</u>**; and

it is further

---

[4]     Although the issue is not squarely addressed by either party, the Court finds that the
Complaint is alternatively barred by the *Heck* doctrine.  In *Heck v. Humphrey*, the Supreme
Court held that a civil rights action seeking damages is not cognizable if a decision in favor of
the plaintiff would necessarily invalidate an extant criminal conviction *unless* the conviction or
sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a
state tribunal or called into question by a federal habeas corpus court.  512 U.S. 477 (1994).  If
Plaintiff were denied equal protection, a right to jury trial, due process, or other similar
constitutional protections during his criminal proceedings, the resulting conviction(s) would
necessarily be invalided; hence, so long as Plaintiff's criminal conviction(s) remain intact, the
claims are barred pursuant to *Heck*.

**ORDERED** that Defendant Mancino's motion to dismiss (Dkt. No. 14) is **<u>GRANTED</u>**;

and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: March 24, 2023
        Syracuse, New York


Glenn T. Suddaby
U.S. District Judge